TORRES, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in in an Action for Damages.

No. 1565.—Decided May 4, 1917.

DAMAGES—RAILROAD CROSSING—NEGLIGENCE OF EMPLOYEE.—When a railroad company voluntarily provides a chain and a watchman at a crossing of a street used by the public it has the same obligations as if legally required to do so and must attend to and maintain the service with ordinary care and prudence, and it is guilty of negligence when its employee fails to stop traffic by putting the chain in place upon the approach of trains or locomotives, the public being entitled to rely upon a proper performance of such duty.

ID.—CONTRIBUTORY NEGLIGENCE—WEIGHT OF EVIDENCE.—When in its answer to the complaint the defendant company charges contributory negligence on the part of the plaintiff in passing a grade crossing without exercising due care and precaution and that this was the proximate cause of the accident, the *onus probandi* is on it; and if there is no evidence in the record to support the plea and the judge makes no finding on that point, it cannot be held that the court erred in holding that the proximate cause of the accident was the negligence of the watchman employed by the defendant in failing to put the chain in place upon the approach of the locomotive.

The facts are stated in the opinion.

*Mr. F. G. Pérez Almiroty* for the appellant.

*Mr. Eugenio Benítez Castaño* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The lower court found in this case that the defendant, the American Railroad Company of Porto Rico, is operating a

railroad in this island; that near Stop 4, San Andrés Street, ward of Puerta de Tierra, of this city, there is a grade crossing used for public travel, where the defendant has placed chains which are raised on both sides of the track upon the approach of a locomotive or train by a watchman employed by said defendant for the purpose of closing the said grade crossing and preventing its use while trains or locomotives are passing; that between 6 and 6:30 a. m. on May 8, 1915, Pedro Fuentes was driving a wagon drawn by three mules belonging to plaintiff Francisco Torres Pacheco, and at the moment when, following his customary route, he was entering the said crossing, the chains being down and no warning or signal being given by the watchman, one of the locomotives of the defendant, running at the regular rate of speed, struck and destroyed the plaintiff's wagon, killed one of the mules, broke three legs of another, which had to be killed forthwith, and left the other in an unserviceable condition. The court also holds that the defendant is not required by law to maintain and keep chains at that place, but that it is a fact that it did maintain and keep them there and that they were not raised at that time; that the watchman was not at his post; that he gave no warning of the approach of the locomotive, wherefore the court finds that there was negligence on the part of the defendant and that such negligence was the proximate cause. of the accident, because the driver of the wagon was justified in presuming that the locomotive would not pass the crossing until the chains had been raised; and the fact that some of the witnesses for the defendant, whose testimony was contradicted by those for the plaintiff, testified that the locomotive driver gave the regular warnings and rang the bell to announce the approach of the train, does not relieve the company from liability or excuse the negligence of the watchman in failing to raise the chains, according to custom, at the time the locomotive was passing the crossing; therefore the court gave judgment against the defendant company for the sum of $860 as indemnity for the damages caused, together with the costs,

disbursements and attorney fees, from which judgment the company took the present appeal.

The first error assigned by the appellant is that the trial court admitted, as documentary evidence for the plaintiff, over the objection of the defendant, the *Official Gazette* of this Island of January 15, 1887, and gave probatory effect thereto.

The plaintiff undertook to prove by this paper that the company was legally bound to provide chains and a watchman at the place where the accident occurred, but we are not now required to consider whether the evidence was admissible or not, because the lower court did not base its judgment on that fact, but on the fact that the company voluntarily maintained and kept them.

The second ground of appeal is based on the allegation that the lower court committed error in holding that the absence of the chains and watchman at the said crossing on the morning of the day of the accident constitutes negligence on the part of the defendant, such negligence being inexcusable and the proximate and only cause of the accident.

In support of this ground it contends in the first place that the fact that it appears from the evidence of the plaintiff that the watchman began his duties at the said crossing at 6:30 a. m. and that the accident occurred before that hour, shows that if the company established the service of its own volition it cannot be legally required to exercise a greater degree of precaution, it being known to the public that the service began at the said hour.

The lower court made no holding regarding this fact, but as it found that it was customary to raise the chains when trains and locomotives passed, we must deduce therefrom that it did not accept the testimony of one witness for the plaintiff to the effect that he knew from the statement of the watchman that the latter's duties did not begin until 6:30 a. m., and attached no value to the testimony of the driver of the said locomotive that the chains were raised at 6:30 a. m.,

when traffic began, for he also testified that he did not go on duty before the hour of traffic and that he could not say at what time the chains were raised at Stop 4. Besides, the knowledge of this fact by a single person is not sufficient to prove that it was a matter of public knowledge, especially as all the other evidence is silent as to this point except that it refers in general to the fact that the chains were raised when trains and locomotives passed, and it does not seem reasonable that that service would begin at 6:30 a. m. in view of the fact that locomotives daily left the shops between 6 and 6:30 a. m. to come to San Juan to take out the train which leaves a little later for points in the island. Nor did the defendant produce any direct evidence on this point or allege the same in its answer, for all of which reasons we must disregard the question now raised by the appellant.

When a railroad company voluntarily establishes a service of chains and employs a watchman in a street traveled by the public, as occurs in this case, it has the same obligations in regard thereto as though it had been required by law to place the chains there. It must attend to and maintain the said service with reasonable care and prudence and is guilty of negligence if its employee fails to close the crossing by means of the chains upon the approach of trains or locomotives, because the public has a right to rely upon a reasonable performance of that duty. *State* v. *Boston, etc., Ry. Co.,* 80 Me. 430, 15 Atl. 36; 33 Cyc. 946-947.

In the other ground of appeal it is maintained that the court erred in holding that the failure of the driver of the wagon to stop, look and listen before crossing the track did not constitute contributory negligence on the part of the plaintiff sufficiently strong to defeat his right to recover damages in this case.

Although the appellant alleged in its answer to the complaint that the accident occurred solely and exclusively by reason of the fault and negligence of the driver of the wagon, who entered the crossing imprudently, without exercising the

necessary care and precaution to avoid the accident, and that this was the proximate cause thereof, and although the burden was upon the company to show this, we do not find in the record any evidence in support of this defense of contributory negligence on the part of the driver of the wagon. The court made no finding on this point and the appellant has not indicated to us in its brief the evidence referring to it, therefore the court committed no error in holding that the proximate cause was the negligence of the watchman employed by the defendant in not raising the chains when the locomotive was approaching; and it is unnecessary to consider whether it was the duty of the driver of the wagon to look and listen before crossing the track, notwithstanding the fact that the chains were not raised at the crossing at the time the locomotive approached, in accordance with the custom of the company.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.